Story, J., Kent,
Ch. seems to concur. (3 John. Ch.. Rep 331.) It would seem to be the only equitable rule that can be adopted; and one which leads to less injustice.than any. other. ' The mortgaged premise can never be sold without giving public notice of the time of sale; and the court of chancery will do its utmost to secure a fair and advantageous sale. Thus, in case of any calamity, such as hostile invasion or extreme sickness prevailing in the place of sale at the time, the court will interfere and postpone it, (1 John. Ch. Rep. 310;) so that it is impossible that mortgaged premises can be sold without giving the mortgagor a fair chance to procure bidders. The least fraud or unfairness-in the sale will vitiate it.
*If, then, the mortgagee fails to collect the whole of his loan, interest and cost on the sale, why should he be compelled to lose the residue ?
I think, therefore, the inherent powers of a court of equity are sufficient to ' sustain this proceeding. But if not; the answer upon the statute is sufficient. If our statute makes the master’s deed an effectual bar to the equity of redemption, it would seem to be an absurdity, that the mortgagee, by bringing a suit, could render it ineffectual.
I am, therefore, for affirming the decree of the court below.
Decree affirmed.